UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFERY L. THOMPSON,

        Petitioner,

  v.                                       Case No. 20-cv-280-pp

KEVIN CARR,
and JOSH KAUL,

        Respondents.

---

**ORDER DENYING MOTION TO STAY AND ABATE PETITION (DKT. NO. 2), GRANTING MOTION TO EXPEDITE HEARING ON MOTION TO STAY AND ABATE TO THE EXTENT THAT THE MOTION ASKS THE COURT TO EXPEDITE ITS RULING (DKT. NO. 5) AND DISMISSING PETITION FOR FAILURE TO EXHAUST STATE REMEDIES**

---

On February 20, 2020, the petitioner, an inmate at Fox Lake Correctional Institution representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his September 13, 2019 judgments of conviction in two separate Racine County cases. Dkt. Nos. 1, 1-1, 1-2; see also State v. Thompson, Racine County Case No. 16CF001213, State v. Thompson, Racine County Case No. 17CF000871 (both available electronically at https://wcca.wicourts.gov)[1]. He has paid the $5.00 filing fee. On the same day the court received the petition, it received from the petitioner a "Motion to Stay and Abate Protective Petition." Dkt. No. 2. About two weeks later, the

---

[1] The state court docket reflects that these cases are cross-referenced with 18CF001637.

1

petitioner filed a "Motion to Expedite Hearing on Motion to Stay and Abate." Dkt. No. 5.

**I.   Background**

Because the petitioner did not use the court's required form for filing a *habeas* petition, he did not provide the court with much of the information it needs to screen, or review, the petition. The court found some information on the public docket available through the Wisconsin Circuit Court Access Program.

      A.   State Court Proceedings

On July 12, 2019, the petitioner pled guilty in three separate Racine County Circuit Court criminal cases through a single plea agreement. See State v. Thompson, Racine County Case No. 16CF001213; State v. Thompson, Racine County Case No. 17CF000871; State v. Thompson, Racine County Case No. 18CF001637 (all available at https://wcca.wicourts.gov). In Case No. 16CF001213, the petitioner pled to operating a vehicle while intoxicated in violation of Wis. Stat. §346.63(1)(a); in Case No. 17CF000871, he pled to possession of cocaine, second or subsequent offense, in violation of Wis. Stat. §§961.41(3g)(c) and (961.48(1)(b); in Case No. 18CF001637, he pled to failure to maintain his status in a sex offender registry, repeat offense, in violation of Wis. Stat. §§301.45(2)(a) and 939.62(1)(b). Id.

On September 13, 2019, the Racine County Circuit Court held a sentencing hearing and sentenced the petitioner to nine months in the Racine County Jail on the OWI conviction. Id. On the conviction for possession of

cocaine, the court sentenced him to one and a half years of incarceration followed by two years of extended supervision, consecutive to his sentence for operating while intoxicated. Id. For the failure-to-register conviction, the court fined the petitioner $1,000, plus costs and surcharges. Id. The court entered judgments the same day. Id. The dockets each contain an entry stating that the petitioner "[did] not plan to seek postconviction relief." Id.

The dockets for the OWI and cocaine possession cases indicate that on February 20, 2020, the petitioner filed a *pro se* motion for postconviction relief under Wis. Stat. §974.06. See State v. Thompson, Racine County Case No. 16CF001213; State v. Thompson, Racine County Case No. 17CF000871 (both available electronically at https://wcca.wicourts.gov). Those dockets reflect that the Racine County Circuit Court has scheduled a hearing on that motion for September 14, 2020. Id.

B.     Federal *Habeas* Petition

On February 20, 2020—the same day he filed his Wis. Stat. §974.06 postconviction motion in the Racine County Circuit Court—the petitioner filed his federal *habeas* petition. Dkt. No. 1.

The petition states that "[o]n or about July 11th, 2019," the petitioner's attorney, Patrick Flanagan, came to his house and told him, his wife and his mother that the petitioner would "get time served, a withheld sentence, and probation in case numbers 2016CF001213 and 2017CF000871 and that [Flanagan] would recommend this at sentencing if [the petitioner] took a plea agreement." Dkt. No. 1 at 1. The petitioner asserts that based on this

3

conversation, he accepted the plea agreement, believing that that was the sentence he would receive. Id. The plaintiff says that at the September 13, 2019 sentencing hearing, however, without consulting him, Flanagan recommended prison time and extended supervision. Id. The plaintiff asserts that he was sentenced to nine months in jail in 2016CF001213 and eighteen months in custody with two years' extended supervision in 2017CF000871. Id. The plaintiff asserts that in his Wis. Stat. §974.06 motion, he alleged ineffective assistance of counsel, asserting that his lawyer lied to him to get him to plead guilty. Id. The plaintiff makes the same allegation in his federal *habeas* petition, arguing that his lawyer lied to him to induce him to enter a plea. Id. at 2.

## II.    Motion for Stay and Abeyance (Dkt. No. 2)

Section 2254(b)(1)(A) says that a federal court may not grant a federal *habeas* petition "unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." In other words, "[a] petitioner challenging his state conviction must 'exhaust available state remedies before presenting his claim to a federal habeas court.'" Hicks v. Hepp, 871 F.3d 513, 530 (7th Cir. 2017) (quoting Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2-64 (2017) and 28 U.S.C. §2254(b)(1)(A)). This means that a petitioner "must 'fairly present' his constitutional claims through at least one complete round of the state's established appellate review process before presenting the claims to a federal court for habeas review," which "includes presenting the claims to the state's highest court in a petition for discretionary

4

review." Id. 530 (7th Cir. 2017) (citations omitted). If a petitioner has not fairly presented his claims through a complete round of the state's appellate review system, a federal court cannot consider the merits of his claim. Id. at 531 (citations omitted). The Supreme Court has interpreted §2254(b) as "a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." Rose v. Lundy, 455 U.S. 509, 520 (1982).

On the day of his state court sentencings—September 13, 2019—the petitioner filed a notice under Wis. Stat. §809.30(2)(b), indicating that he did *not* plan to seek post-conviction relief. The petitioner did not file a direct appeal of his convictions. Instead, five months later, on the same day that he filed this federal petition, he filed a motion for post-conviction relief under Wis. Stat. §974.06. The motion is not scheduled for a hearing until September of this year. That means that the petitioner has not presented his claims through a complete round of the state's appellate review system, and that this court cannot review his claims.

The petitioner appears to understand this, because along with the petition, he filed a motion to "stay and abate protective petition." Dkt. No. 2. He asserts that the federal *habeas* petition is timely, but says that the court needs to grant his motion to stay "to preserve the historical date of filing this petition." Id. at 1. In the complaint itself, the petitioner says that he is filing a motion to stay because he "fears that he may fall outside the one year statute of limitations under AEDPA and 28 U.S.C. § 2244 while he is exhausting his

5

state court remedies." Id. at 1. He says this court need not get into the question of equitable tolling right now, because if the state court grants the relief he requests, the issue will be moot. Id. He appears to assert that he filed this federal petition to avoid a limitations problem. Id. at 2.

Section 2244(d)(1) of the federal *habeas* statute requires a convicted person to file his federal *habeas* petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Wis. Stat. §§808.04(3) and 809.30(2) required the petitioner to file a notice of appeal or a notice of post-conviction review within twenty (20) days of sentencing. See Graham v. Borgen, 483 F.3d 475, 476 and 477 (7th Cir. 2007). This means that the date on which the time for the petitioner to seek direct review of his conviction expired was October 3, 2019 (twenty days after he was sentenced). The one-year limitations period for the petitioner to file this federal petition, therefore, began to run on October 3, 2019; he had until October 3, 2020 to file a federal *habeas* petition.

The petitioner appears to have been concerned, however, that the state court would not rule on his §974.06 motion for collateral review (and that he would not be able to appeal that decision through the Wisconsin appellate system) before the October 3, 2020 deadline. So he filed this petition, and the motion for stay, as a "protective" petition. The court thinks it likely this was unnecessary. Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

6

period of limitation under this subsection." If the petitioner's §974.06 motion was "properly filed," then his one-year federal *habeas* "clock" stopped on February 20, 2020—the date he filed the petition. The federal *habeas* clock will not start running again until that motion no longer is pending. The petitioner still had state remedies available at the time he filed this federal *habeas* petition. See Nutall v. Greer, 764 F.2d 462, 463 (7th Cir. 1985) ("The exhaustion requirement refers only to state remedies still available at the time the federal petition is filed.")

There is the possibility that some court could determine that the petitioner's §974.06 petition was not "properly filed." If that turned out to be the case, the federal *habeas* clock would not stop while the motion was pending in state court, and the petitioner's concern about the federal limitations period might be well-founded. By the time the final ruling on the §974.06 petition is issued in state court, it is likely that October 3, 2020 will have come and gone—especially given that the petitioner does not even have a hearing on the motion until September. District courts have the authority to stay unexhausted petitions in cases where dismissal for failure to exhaust "would effectively end any chance at federal habeas review." Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006). Indeed, the Seventh Circuit has

> gone so far as to suggest that it would be wise for a petitioner to file in both state and federal court simultaneously, particularly where there is some procedural uncertainty about the sate court post-conviction proceeding, and then ask the district court to stay the federal case until the state case concludes to ensure that [he] does not miss the one-year deadline.

Id. The petitioner has followed that procedure here.

7

Simply filing a protection federal *habeas* petition along with a motion to stay, however, is not enough to entitle the petitioner to that stay. "The district court must decide whether the petitioner had good cause for his failure to exhaust all claims and whether the unexhausted claims have some possible merit." Id. (citing Rhines v. Weber, 544 U.S. 269, 277-78 (2005)). A district court must not grant a stay if the petitioner has engaged in "abusive litigation tactics or intentional delay." Id. at 278 (citation omitted). This is where the petitioner's motion fails.

In the motion for stay and abeyance, the petitioner says nothing about why he waited five months before challenging his convictions in state court, or why he filed this federal petition without first challenging those convictions. Dkt. No. 2. Nor does his petition explain why he did not file a direct appeal, why he waited five months to seek relief in state court or why he filed this petition before he exhausted his claims in state court. Dkt. No. 1. Because the petitioner has not shown good cause for his failure to exhaust his claims before filing this federal *habeas* petition, the court must deny the motion for stay and abeyance.

### III. The Claims in the Petition

Rule 4 of the Rules Governing §2254 requires a district court judge to "promptly" examine a *habeas* petition. The rule says that

> [i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

8

While a district court is not obligated to consider, at the Rule 4 "screening" stage, the timeliness of the petition, it is permitted to do so. This court may consider the fact that the petitioner has not yet exhausted his state remedies, and if a petitioner fails to exhaust his state remedies, the petition is barred. Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988); Spreitzer v. Schomig, 219 F.3d 639, 644 (7th Cir. 2000).

Because the petition is barred due to the fact that the petitioner has not exhausted his state remedies and because he still has state remedies available to him, the court must dismiss the petition.

**IV. Motion to Expedite Hearing of Motion to Stay and Abate (Dkt. No. 5)**

On March 2, 2020—eleven days after the court received the federal petition and the motion to stay—the court received from the petitioner a "motion to expedite hearing of motion to stay and abate." Dkt. No. 5. The petitioner stated that he had only a "short time of incarceration," and for the petition "to actually affect his incarceration portion of his sentence it would have to be heard as soon as possible." Id. According to the Wisconsin Department of Corrections Inmate Locator web site, the petitioner's mandatory release/extended supervision date is June 7, 2021, and his maximum discharge date is September 7, 2023. https://appsdoc.wi.gov/lop/detail.do. The court did not rule on the petitioner's motion as quickly as it would have liked to do, in part because of the issues that have arisen as a result of the coronavirus pandemic. The court will grant the petitioner's motion to expedite the ruling, because it has ruled as quickly as it could.

9

## V. Conclusion

The court **DENIES** the petitioner's motion to stay and abate the federal *habeas* proceedings. Dkt. No. 2.

The court **GRANTS** the petitioner's motion to expedite hearing of motion to stay and abate, to the extent that the petitioner asked the court to rule sooner rather than later. Dkt. No. 5.

The court **ORDERS** the case **DISMISSED** for failure to exhaust state remedies and because there are state remedies yet available to the petitioner.

Dated in Milwaukee, Wisconsin this 7th day of August, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**